[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: DEFENDANT ACMAT CORPORATION'S MOTION FOR SUMMARY JUDGMENT
Defendant ACMAT Corporation[1] moves for summary judgment on the first, second and third counts of the plaintiffs' model complaint on the ground it was not a "product seller" of asbestos fireproofing material and therefore can not be liable to the plaintiffs under the Connecticut Product Liability Act, General Statutes § 52-572m et seq. The plaintiffs, claiming they suffered injuries as a consequence of being exposed to asbestos sold by ACMAT, oppose the motion. The issue to be resolved is whether the proof submitted shows as a matter of law that ACMAT was not a product seller of asbestos material. For the reasons stated below, the motion is denied.
The affidavit submitted by defendant ACMAT and the factual claims set forth in the plaintiffs' brief, which are supported by citations to depositions, show the following. From 1965 to 1970, ACMAT applied fireproofing material to steel beams, girders and decks of buildings that were under construction. The fireproofing material was made out of asbestos. ACMAT's workers would mix the dry asbestos material with water in a cement mixer, pump the wet material to the areas were it was needed, and spray it onto building members with a spray gun. The fireproofing material would thereafter dry in place, like cement. The plaintiffs were injured as a consequence of their having inhaled asbestos fiber that was set adrift during the mixing and application process. CT Page 6419
The fireproofing work was done by ACMAT pursuant to contracts that ACMAT entered into with building owners or general contractors. ACMAT's bids usually included the cost of materials. The specifications for the asbestos material came from architects and were set forth in the contracts under which ACMAT provided and applied the fireproofing material. The cost of the fireproofing material as a percentage of ACMAT's contract price was in the range of ten percent. ACMAT purchased the fireproofing material directly from manufacturers, who would ship the material in bags to work sites and thereafter bill ACMAT. The payments that ACMAT received under its contracts with the building owners or general contractors included the cost of the asbestos fireproofing material.
"Practice Book § 384 provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a summary judgment motion, this court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital,232 Conn. 242, 250, 654 A.2d 748 (1995).
ACMAT argues that it provided a service rather than a product. The plaintiffs argue that the "ACMAT was a seller of asbestos containing products . . . and the products were not merely incidental to a service contract." "Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,403, 528 A.2d 805 (19887). If ACMAT was not a product seller of asbestos material, ACMAT is entitled to summary judgment since the Product Liability Act applies only to claims against product sellers.
ACMAT provided a product as well a service. The Product Liability Act, Gen. Stat. § 52-572m, does not give clear guidance as to how this hybrid sales-service transaction is to be labeled. The term "product seller" is defined in the Product Liability Act as follows: "`Product seller' means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term `product seller' also includes lessors or bailors of CT Page 6420 products who are engaged in the business of leasing or bailment of products." Gen. Stat. § 52-572m (a).
ACMAT was clearly within the chain of distribution. It supplied the asbestos fireproofing material that was used in the fireproofing process. Today, "the concept of `product liability' extends beyond traditional product sales and now generally encompasses `liability for harm caused by product defects to some nonsale commercial transactions involving the distribution of products.'" Restatement Third Torts: Product Liability § 20, Definition of "One Who Sells or Otherwise Distributes," comment a (1997). A trier of fact, whether court or jury, could reasonably conclude that a sale was a significant part of the transaction. A triable issue of fact exists.
The motion for summary judgment is denied.
THIM, J.